```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

        - against -                    MEMORANDUM AND ORDER
                                       19 Cr. 475-01 (NRB)
ALBERTO CARRASCO,

             Defendant.
-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

   The Court is in receipt of defendant Alberto Carrasco's letter of November 22, 2022 and treats it as a motion for compassionate release.  ECF No. 30.  Mr. Carrasco was sentenced on December 10, 2020 to 60 months' imprisonment following his plea of guilty to one count of Narcotics Conspiracy in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).  ECF No. 29.  His plea agreement contained a stipulated guidelines range of 87 to 108 months' imprisonment (the "Guidelines Range").  Presentence Investigation Report ("PSR") at 18, ECF No. 20.  Nonetheless, recognizing Mr. Carrasco's difficult childhood, supportive family, work history, and the additional harshness of prison conditions during the COVID-19 pandemic, the Court sentenced Mr. Carrasco to 60 months' imprisonment, significantly below the Guidelines Range.  ECF No. 29.  In short, the Court has already shown this defendant compassion, and his motion is denied.

   To receive compassionate release pursuant to 18 U.S.C. §

3582(c)(1)(A)(i), a court may "reduce the term of imprisonment" only if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction."  Mr. Carrasco has not made such a showing.[1]

While the Court does not question Mr. Carrasco's desire to return to his family, and his family's desire to have him home, that is not an "extraordinary and compelling" reason to reduce his sentence.  See United States v. Nawaz, No. 16-cr-431 (AT), 2020 WL 7773478, at *4 (S.D.N.Y. Dec. 30, 2020) (noting that defendant's "desire to return to his home as soon as possible," among other factors, did not present "extraordinary and compelling reasons" for release); United States v. Miller, No. 15-cr-00113 (JAM), 2020 WL 5259065, at *1 (D. Conn. Sept. 2, 2020) ("Although I appreciate [defendant's] urgent wish to return to his supportive family, I am not convinced that he has established the extraordinary and compelling reasons that are required to justify a sentence

---

[1] Although Mr. Carrasco's motion for compassionate release is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted) (emphasis omitted), the defendant nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A).  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).  Mr. Carrasco also bears the burden of establishing that he has exhausted his administrative remedies prior to filing the instant motion. United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).  Consistent with the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A), Mr. Carrasco attached a letter to his motion addressed to the warden of his facility requesting his compassionate release. ECF No. 30.  We will therefore assume that the defendant has exhausted his remedies.

reduction . . . ."). In addition, Mr. Carrasco's "generalized fear" of contracting COVID-19 does not constitute "extraordinary and compelling" circumstances. See United States v. Petriello, No. 18-cr-480 (CS), 2021 WL 75668, at *1 (S.D.N.Y. Jan. 6, 2021) (quoting United States v. Otrosinka, No. 12-cr-300 (WS), 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020)).

As for Mr. Carrasco's claim that he has heart problems which necessitate his release, the PSR refutes it. See PSR at 12 (noting that Mr. Carrasco "disclaimed any physical health problems"). Further, Mr. Carrasco offers "no medical records or any other evidence to support his claim," and the Court will not grant compassionate release absent such proof. United States v. Castelle, No. 18-cr-15 (AKH), 2022 WL 4536798, at *2 (S.D.N.Y. Sept. 28, 2022).

Finally, the application of the factors set forth in 18 U.S.C. § 3553(a) counsels against release. Those factors include the nature and circumstances of the offense, affording adequate deterrence to this defendant and others who are similarly situated, and promoting respect for the law. 18 U.S.C. § 3553(a)(2)(A)-(C). Mr. Carrasco sold heroin to a confidential source and referenced working for a larger international drug organization. PSR at 4, 19. Moreover, Mr. Carrasco has multiple prior convictions, including a firearms offense and a prior attempted narcotics

trafficking offense.  Id. at 6-7, 19-20.  The Court's sentence was appropriate -- indeed, lenient given the Guidelines Range -- when issued, and it does not weigh the 3553(a) factors differently now.

Accordingly, Mr. Carrasco's motion is denied.[2]  Because Mr. Carrasco has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444 (1963).

**SO ORDERED.**

Dated:   New York, New York
         January 24, 2023

_____
         NAOMI REICE BUCHWALD
         UNITED STATES DISTRICT JUDGE

---

[2] Based on information recently learned by this Court, Mr. Carrasco's application is essentially academic, as he has been flagged for an immigration status hearing and thus is not currently eligible for release to a halfway house or otherwise.